UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

PETER THOMAS,

                                Plaintiff,

              -against-

THE CITY OF NEW YORK, POLICE OFFICER
DAVID TERRELL, individually and in his official
Capacity as Police Officer, POLICE OFFICER
ROBERT L. SIMMS (Shield No. 13057) individually
and in his official capacity as Police Officer, and
"JOHN DOE" unidentified police officers
employed by The New York City Police Department
in their official and individual capacity,

                                Defendants.

-------------------------------------------------------------X

COMPLAINT
JURY TRIAL DEMANDED

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★
BROOKLYN OFFICE

        PETER THOMAS, by his attorney, PAMELA S. ROTH, alleges the following,

upon information and belief, as his Complaint:

                        NATURE OF THE ACTION

        1.  This civil rights action arises from the defendant Police Officers' unlawful

and improper arrest and imprisonment, and unlawful search and seizure of Plaintiff and

Plaintiff's residence and property and excessive use of force of Plaintiff on February 9,

2005.   PETER THOMAS seeks declaratory relief pursuant to 28 U.S.C. §2201,

compensatory and punitive damages for violation of his civil rights pursuant to 42 U.SC.

§§1981, 1983, 1985 and 1986 and an award of costs, disbursements and attorneys fees

under 42 U.S.C. §1988.

## JURISDICTION

2.      This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §§1981, 1983, 1985 and 1986. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343(3). Plaintiff asserts jurisdiction over the City of New York and The New York City Police Department of all claims in this Court under 28 U.S.C. §1367. Plaintiff requests that this Court exercise pendent jurisdiction over those state law claims arising out of the same common nucleus of operative facts, as do Plaintiff's federal claims.

## VENUE

3.      Under 28 U.S.C. §1391 (b), venue is proper in the Eastern District of New York because Plaintiff resides in that District and the events forming the basis of Plaintiff's Complaint occurred in that District.

## PARTIES

4.      Plaintiff, PETER THOMAS, is a resident of the United States of America residing in the State and City of New York, County of Kings. At all relevant times hereto, Mr. Thomas is a 39 year old man, who was and still is a citizen of Jamaica and present in the United States on a VISA, and residing in the State and City of New York, County.

5.      Defendant, the City of New York is a municipal corporation duly incorporated and existing pursuant to the laws of the State of New York. The City of New York has established and maintains a Department of Police as a constituent department or agency of the Defendant.

6.     At all times relevant, the New York City Police Department employed the individual defendant, Police Officer David Terrell.

7.     At all times relevant, Defendant, David Terrell, was duly appointed and an acting police officer of the New York City Police Department.

8.     On February 9, 2005, 2003, the individual defendant was on duty and assigned to the 77th Precinct.

9.     At all times relevant, the New York City Police Department employed the individual defendant, Police Officer Robert L. Simms.

10.     At all times relevant, Defendant, Robert L. Simms, was duly appointed and an acting police officer of the New York City Police Department.

11.     On February 9, 2005, 2003, the individual defendant, Robert L. Simms was on duty and assigned to the 77th Precinct, under Shield # 13057.

12.     At all times relevant, defendant Police Officers "JOHN DOE", unidentified persons, were duly appointed and acting police officers of the New York City Police Department assigned to the 77th precinct located at 127 Utica Avenue, Brooklyn, New York, County of Kings, City and State of New York.

13.     At all times relevant, the individual defendants were acting under the color of state law.

14.     At all relevant times, the individual defendants were acting pursuant to their authority as New York City Police Department employees. Notwithstanding their unconstitutional and unlawful conduct, the actions of the individual defendants were taken in the course of their duties and were incidental to their otherwise lawful function as agents, servants and employees of the New York City Police Department.

15.   At all relevant times, the individual defendants were agents, servants and employees acting within the scope of their employment.

16.   Alternatively, the individual defendants were, at all relevant times, acting outside the scope of their employment.

## FACTS UNDERLYING PLAINTIFF'S CLAIMS FOR RELIEF

17.   On February 9, 2005 at approximately 2:00 P.M. of that day, plaintiff, Peter Thomas, was on the street outside his residence of 526 Ralph Avenue, County of Kings, City and State of New York, when he was approached by a person, whom he believed in good faith to be a homeless person, who gave plaintiff a "hard-luck story" and sold to plaintiff what was purportedly a "stolen" X-Box. Plaintiff believing this "homeless person's" story, purchased said X-Box for the sum of $31.00.

18.   On February 9, 2005, at approximately 2:30 P.M. of that same day, plaintiff Peter Thomas, was inside his apartment and place of residence located at 526 Ralph Avenue in Brooklyn, County of Kings, City and State of New York, in the 77th Precinct when police officers from the 77th Precinct gained illegal entry into Plaintiff's residence. These defendant police officers, above named, then made an illegal and warrantless search of his residence and premises designated as 526 Ralph Avenue in Brooklyn, County of Kings, City and State of New York.

19.   Plaintiff was intimidated, falsely arrested and falsely imprisoned by defendants David Terrell, Robert L. Simms and Police Officers "John Doe" of the 77th Precinct, who were and still are Police Officers employed by the City of New York.

20.   Plaintiff, Peter Thomas, guilty of no crime, was arrested, never read his Miranda warnings and never questioned, but was handcuffed in the sanctity of his own

home, forcibly removed from his home and taken to the 77th Police Precinct, while Police Officers of the 77th Precinct remained unlawfully in his residence, without a warrant, and conducted an illegal search and seizure of his property and premises.

21.     Plaintiff, Peter Thomas, was arrested and charged with possession of stolen property, having "purchased" "stolen property" from an undercover officer portraying a "homeless man" selling a stolen X-Box, which in fact "entrapped" plaintiff into purchasing stolen property.

22.     Plaintiff was then transported to the 77th Police Precinct at approximately 2:45 P.M., while the defendant police officers continued to remain at his residence conducting the unlawful search and seizure.

23.     At approximately 12:00 a.m., while defendant police officers continually questioned plaintiff and tried to coerce him into signing a confession and a consent to search his apartment, plaintiff refused, and then was assaulted, battered and beaten by defendant police officers while handcuffed and in custody at the 77th Precinct.

24.     While plaintiff was unlawfully detained at the 77th Precinct, defendant Police Officers, knowingly falsified information to secure a search warrant for plaintiff's premises, stating that the Plaintiff was not yet in custody, albeit he was already under arrest in the 77th Precinct, and misrepresented facts to the District Attorneys Office and to the Court to secure the search warrant, which was issued some 8 – 10 hours after the plaintiff was already in custody.

25.     Mr. Thomas was unlawfully detained and in police custody by the defendants even though Plaintiff had committed no crimes and despite that the defendants had no reasonable basis to believe that Mr. Thomas had committed any crimes.

26.     Mr. Thomas was unlawfully detained, and remained in unlawful police custody, and suffered the physical and psychological trauma, shock, debasement, fright, great disgrace, embarrassment, loss of self esteem, emotional harm and humiliation of being publicly detained and placed in custody without cause, and subjected to unjustified assault at the hands of Defendants Terrell, Simms and defendants Police Officers "John Doe". As a result of the beating, Mr. Thomas suffered injuries to his head, neck, and back, as well as physical pain and suffering, mental suffering, shock, fright, and deprivation of constitutional rights, in addition to other injuries. Mr. Thomas suffered loss of freedom and also suffered damages in the form of medical expenses, in addition to economic and financial damages.

27.     At all relevant times, in beating plaintiff, detaining, and imprisoning him, Defendant Terrell acted with actual malice toward plaintiff and with willful and wanton indifference to and deliberate disregard for the statutory and constitutional rights of plaintiff. Defendant Terrell's actions constitute unreasonable and excessive use of force and deprivation of liberty without due process of law.

28.     At all relevant times, in beating plaintiff, detaining, and imprisoning him, Defendant Simms acted with actual malice toward plaintiff and with willful and wanton indifference to and deliberate disregard for the statutory and constitutional rights of plaintiff. Defendant Simm's actions constitute unreasonable and excessive use of force and deprivation of liberty without due process of law.

29.     At all relevant times, in beating plaintiff, detaining, and imprisoning him, Defendants Police Officers "John Doe" acted with actual malice toward plaintiff and with willful and wanton indifference to and deliberate disregard for the statutory and

constitutional rights of plaintiff. Defendants Police Officers "John Doe"s actions constitute unreasonable and excessive use of force and deprivation of liberty without due process of law.

30.     Upon information and belief, at all times pertinent hereto, the City of New York permitted and tolerated a pattern and practice of unreasonable use of force by police officers of the City of New York.

31.     Upon information and belief, the City of New York has maintained a system of review of police conduct which is so untimely and cursory as to be ineffective and to permit and tolerate the unreasonable and excessive use of force by police officers.

32.     The acts, omissions, systematic flaws, policies, and customs of the City of New York caused this police officer of the City of New York to believe that the excessive and unreasonable use of force would not be aggressively, honestly, and properly investigated, with the foreseeable result that officers are more likely to use excessive or unreasonable force against infant plaintiff and others in the future.

33.     On February 9, 2005, plaintiff Peter Thomas was arrested and charged with one count of  Agriculture Code 11-4012 (2)(B)- Attempt to Evade/Defeat Cigarette Tax; one count of  Agriculture Code 11-4012 (A)(1)- Attempt to Evade/Defeat Cigarette Tax; one count of NY Penal Law 165.71-Trademark Counterfeiting in the Third Degree; one count of NY Penal Law 165.72-Trademark Counterfeiting in the Second Degree; one count of NY Penal Law 275.35-Failure to Disclose The Origin of a Recording in the Second Degree; one count of Tax 37-1814(A)(1)-Attempt to Evade/Defeat Cigarette Tax; and one count of Tax 37-1814 (D)-Possession for Sale of Untaxed Cigarettes.

34.     Upon his initial arraignment in the Criminal Court of the City of New York, County of Kings, on February 10, 2005, bail was set in the amount of $2,500.00 cash or bond; effectively remanding the plaintiff. Defense counsel served written cross grand jury notice indicating that Mr. Thomas wanted to testify before the Grand Jury.

35.     On February 18, 2005, plaintiff was indicted under number 1049/2005 for Attempted Criminal Possession of Stolen Property in the Fifth Degree; Trademark Counterfeiting in the Second Degree; Trademark Counterfeiting in the Third Degree; Trademark Counterfeiting in the Second Degree; Failure to Disclose The Origin of a Recording in the Second Degree; Attempt to Evade/Defeat Cigarette Tax; and Possession for Sale of Untaxed Cigarettes.

36.     On April 5, 2005, plaintiff was indicted on the aforementioned charges and the case was thereby transferred to Supreme Court – Criminal Term, Part 30, before the Honorable Judge Parker.  Plaintiff maintained his innocence and refused the District Attorney's pre-trial offers and remained incarcerated at Rikers Island from February 9, 2005 until December 7, 2005.

37.     After repeatedly and steadfastly maintaining his innocence and refusing to plead guilty to any of the aforementioned charges that plaintiff was indicted on, and having decided to represent himself in all the aforementioned criminal proceedings, all charges against plaintiff under indictment number 1049/2005 and subsequent indictment number 05124/2005 were dismissed by the Honorable Judge Lott on December 7, 2005.

38.     On December 7, 2005, the court dismissed the case and plaintiff was released from jail. He had spent approximately 10 months in prison and endured numerous court appearances.

FIRST CAUSE OF ACTION FOR VIOLATION OF
PLAINTIFF'S RIGHT TO BE FREE
FROM UNREASONABLE SEARCHES AND
SEIZURES UNDER THE FOURTH AND
FOURTEENTH AMENDMENTS TO THE
UNITED STATES CONSTITUTION

39.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if set forth more fully herein.

40.     As a result of the afore described actions, the Defendants individually and/or vicariously by and through their agents, servants and/or employees, deprived Plaintiff, Peter Thomas, of the rights, privileges and immunities secured by the Constitution and laws of the United States in violation of 42 U.S.C. § 1983, including, but not limited to, Plaintiff's right to be free and secure in his person and to be free from arrest, search and seizure except on probable cause or pursuant to warrant.

41.     The amount and type of physical force used upon Plaintiff, Peter Thomas, by Defendants, individually and/or vicariously, by and through their agents, servants and/or employees, was unnecessary, improper, excessive and was not reasonably justified under any circumstances.

42.     The amount and type of physical force used upon Plaintiff, Peter Thomas, by Defendants, individually and/or vicariously, by and through their agents, servants and/or employees demonstrated an intentional, willful, malicious and reckless disregard for and deliberate indifference to Plaintiff's rights and physical well-being.

43.     The aforementioned use of force caused immediate injury in the form of pain, suffering, bruises, shock, fright, humiliation, embarrassment and deprivation of Plaintiff's constitutional rights.

44.     As a result of the foregoing, Plaintiff has been damaged.

> SECOND CAUSE OF ACTION FOR
> VIOLATION OF PLAINTIFF'S RIGHT TO
> BE FREE FROM UNREASONABLE SEARCHES
> AND SEIZURES UNDER ARTICLE ONE,
> SECTION TWELVE OF THE NEW
> YORK STATE CONSTITUTION

45.     Plaintiff repeats the allegations of paragraphs 1-44 as if set forth in full herein.

46.     By the actions described above, the individual defendant deprived the plaintiff, Peter Thomas of rights secured by the Constitution of the State of New York, including, but not limited to, Mr. Thomas's right to be free from excessive and unreasonable force.

47.     The use of force on plaintiff was not reasonably justified by the circumstances and employed for no proper purpose.

48.     As a consequence thereof, Mr. Thomas has been injured.

### THIRD CAUSE OF ACTION FOR ASSAULT

49.     Plaintiff repeats the allegations of paragraphs 1-48 as if set forth in full herein.

50.     By reason of the foregoing, the plaintiff, Mr. Thomas, was placed in apprehension of imminent harmful and offensive contact.

51.     As a consequence thereof, Mr. Thomas has been injured.

## FOURTH CAUSE OF ACTION FOR BATTERY

52.    Plaintiff repeats the allegations of paragraphs 1-51 as if set forth in full herein.

53.    By reason of the foregoing, the plaintiff, Peter Thomas, was beaten, pushed, kicked, assaulted, threatened, intimidated, harassed and shoved intentionally and in a harmful and offensive manner.

54.    As a consequence thereof, Mr. Thomas has been injured.

## FIFTH CAUSE OF ACTION FOR FALSE IMPRISONMENT

55.    Plaintiff repeats the allegations of paragraphs 1-54 as if set forth in full herein.

56.    By reason of the foregoing, the plaintiff, Peter Thomas, was intentionally confined without privilege or probable cause to believe a crime had been committed.  The plaintiff was aware of and did not consent to the confinement.

57.    As a consequence thereof, the plaintiff has been injured.

## SIXTH CAUSE OF ACTION FOR
## INTENTIONAL INFLICTION OF SEVERE MENTAL DISTRESS

58.    Plaintiff repeats the allegations of paragraphs 1-57 as if set forth in full herein.

59.    By reason of the foregoing, defendant Terrell intentionally or recklessly engaged in extreme and outrageous conduct measured by the reasonable bounds of decency tolerated by decent society thereby intentionally inflicting mental and emotional distress upon the plaintiff, Peter Thomas.

60.    By reason of the foregoing, defendant Simms intentionally or recklessly engaged in extreme and outrageous conduct measured by the reasonable bounds of decency tolerated by decent society thereby intentionally inflicting mental and emotional distress upon the plaintiff, Peter Thomas.

61.    As a consequence thereof, the plaintiff has been injured.

## SEVENTH CLAIM FOR RELIEF FOR NEGLIGENCE

62.    Plaintiff repeats the allegations of paragraphs 1-61 as if set forth in full herein.

63.    The acts complained of herein resulted from defendant City of New York, through its agents, servants and employees, breaching its duty properly to train, assign, supervise or discipline the individual defendant.

64.    The City's failure to properly train, assign, supervise or discipline its Police Officers, including the defendant herein, constitutes acquiescence in and tolerance of ongoing unconstitutional uses of force and created the atmosphere allowing the individual defendant to believe that he could inflict brutality and an unlawful arrest with impunity.

65.    Defendant City of New York, acting through its agents, servants and employees failed and refused to use such care in the performance of its duties as reasonably prudent Police employees would have used under similar circumstances. Defendant New York City, through its agents, servants and employees, negligently, knowingly, recklessly and intentionally breached its duty of reasonable care to the plaintiff, thereby causing plaintiff injury.

66.    As a consequence thereof, the plaintiff has been injured.

## EIGHTH CLAIM FOR RELIEF FOR VIOLATING
## MR. THOMAS'S RIGHT TO BE FREE FROM UNREASONABLE
## SEARCHES AND SEIZURES UNDER THE FOURTH AND FOURTEENTH
## AMENDMENTS TO THE UNITED STATES CONSTITUTION

67.    Plaintiff repeats the allegations of paragraphs 1-66 as if set forth in full herein.

68.    By the actions described above, the individual defendant deprived plaintiff of rights secured by the United States Constitution, including, but not limited to, Mr. Thomas's rights to be free and secure in his person and to be free from arrest or search, except on probable cause or pursuant to warrant, and his right to be free of unreasonable seizures.

69.    As a consequence thereof, the plaintiff has been injured.

## NINTH CLAIM FOR RELIEF FOR VIOLATING
## MR. THOMAS'S RIGHT TO BE FREE FROM UNREASONABLE
## SEARCHES AND SEIZURES UNDER ARTICLE ONE, SECTION TWELVE
## OF THE NEW YORK STATE CONSTITUTION

70.    Plaintiff repeats the allegations of paragraphs 1-69 as if set forth in full herein.

71.    By the actions described above, the individual defendant deprived plaintiff of rights secured by the United States Constitution, including, but not limited to, Mr. Thomas's rights to be free and secure in his person and to be free from arrest or search, arrest or search, except on probable cause or pursuant to warrant, and his right to be free of unreasonable seizures.

72.    As a consequence thereof, the plaintiff has been injured.

ELEVENTH CAUSE OF ACTION FOR NEGLIGENT HIRING AND
RETENTION OF EMPLOYMENT SERVICES AGAINST
THE NEW YORK CITY POLICE DEPARTMENT

73.     Plaintiff repeats the allegations of paragraphs 1-72 as if set forth in full herein.

74.     Upon information and belief, defendant New York City, through the New York City Police Department owed a duty of care to this plaintiff to prevent the physical and mental abuse sustained by plaintiff.

75.     Upon information and belief, defendant New York City, through the New York City Police Department, owed a duty of care to this plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to this plaintiff or to those in a like situation would probably result from this conduct.

76.     Upon information and belief, defendant Terrell was unfit and incompetent for his position.

77.     Upon information and belief, defendant New York City's negligence in hiring and retaining defendant Terrell proximately caused the plaintiff's injuries.

TWELFTH CAUSE OF ACTION FOR NEGLIGENT HIRING AND
RETENTION OF EMPLOYMENT SERVICES AGAINST
THE NEW YORK CITY POLICE DEPARTMENT

78.     Plaintiff repeats the allegations of paragraphs 1-77 as if set forth in full herein.

79.     Upon information and belief, defendant New York City, through the New York City Police Department owed a duty of care to this plaintiff to prevent the physical and mental abuse sustained by plaintiff.

VERIFICATION

STATE OF NEW YORK )
                   ss. :
COUNTY OF KINGS    )


_____ PETER THOMAS being duly sworn, deposes and says:

Deponent is the plaintiff of the in the within action: Deponent has read the foregoing VERIFIED COMPLAINT and knows the contents thereof; the same is true to deponent's own knowledge, except as to the matters therein alleged upon information and belief, and those matters deponent believes to be true.


_____
PETER THOMAS

Sworn to before me this
/ day of July , 2006

_____
Notary Public

PAMELA S. ROTH
Notary Public, State Of New York
No. 02RO6083226
Qualified In Kings County
Commission Expires 11-12-20 06