UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PETER THOMAS,

                Plaintiff,

- against -

CITY OF NEW YORK, et al.,

                Defendants.
------------------------------------------------------------X

**REPORT AND RECOMMENDATION**

06 CV 3405 (CPS)

On July 12, 2006, plaintiff Peter Thomas filed this action pursuant to 42 U.S.C. § 1983, alleging various violations of his constitutional rights by officers of the New York City Police Department. On November 20, 2007, this Court granted plaintiff's counsel's motion to withdraw and granted plaintiff sixty days within which to find new counsel. Plaintiff or his new counsel was Ordered to appear at a conference before this Court on January 30, 2008, and plaintiff was warned that should either he or his attorney fail to appear, this Court would recommend dismissal of the action for failure to prosecute. (Order of November 20, 2007 at 1-2).

Mr. Thomas appeared by telephone at the January 30, 2008 conference. At that conference, the Court Ordered that Mr. Thomas's new counsel was to file a notice of appearance by February 15, 2008, or the Court would recommend dismissal. (Minute Entry of January 30, 2008).

By letter dated March 4, 2008, defendants the City of New York, David Terrell, and Robert L. Simms (collectively, "defendants") move, pursuant to Rules 37 and 41 of the Federal Rules of Civil Procedure, for dismissal of the above-captioned case based on plaintiff's failure to

prosecute. (Defs.' Mem.[1] at 1). Shortly after defendants' motion was filed, the Court received a letter from Mr. Thomas indicating that he had met with an attorney, Jason L. Russo, Esq. and had paid him a retainer fee. In support of this assertion, Mr. Thomas provided the Court with copies of proof of payment to Mr. Russo, as well as several pieces of correspondence with Mr. Russo. Although plaintiff's records indicate that payment to Mr. Russo was effected in February, 2008, neither Mr. Russo nor any other attorney has filed a notice of appearance on Mr. Thomas's behalf.

In their motion, defendants argue that dismissal is warranted based on plaintiff's failure to obey this Court's Orders and his failure to diligently prosecute his case. (Id. at 2-3). Specifically, defendants contend that plaintiff has "refused to comply with two direct and explicit orders from this Court" and that plaintiff has neither found new counsel or taken "any substantive action to prosecute his case himself" since the withdrawal of his former counsel. (Id. at 3). Defendants note that Mr. Thomas, who is in the country illegally, fears re-arrest if he appears in court or makes his whereabouts known, but argue that because plaintiff has "sought to vindicate his rights in the judicial system . . ., he must abide by its rules." (Id.) Defendants further assert that their inability to contact Mr. Thomas has resulted in the case having been completely stalled. (Id.)

"It is plaintiff's obligation to move his case to trial, and should he fail to do so in a reasonable manner, his case may be dismissed with prejudice as a sanction for his unjustified conduct." West v. City of New York, 130 F.R.D. 522, 524 (S.D.N.Y. 1990). Although the Second Circuit has cautioned against using dismissal as a sanction in pro se cases, characterizing

---

[1]Citations to "Defs.' Mem." refer to defendants' letter-brief of March 4, 2008.

it as a "harsh remedy" which should be used only in extreme circumstances, Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996), a district court may dismiss a plaintiff pursuant to Rule 41(b) in consideration of the following factors: "(1) the duration of the plaintiff's failure to comply with the court order; (2) whether the plaintiff was on notice that failure to comply would result in dismissal; (3) whether the defendants are likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal." Spencer v. Doe, 139 F.3d 107, 112-13 (2d Cir. 1998); accord Jackson v. City of New York, 22 F.3d 71, 74 (2d Cir. 1994). Generally, no factor is dispositive and the court looks to the record as a whole.

In this case, plaintiff has been given two chances to obtain counsel over a period of over four months, and he has failed to comply. Although plaintiff's recent submission to the Court indicates that he has retained an attorney to represent him, that attorney has not filed a notice of appearance, despite plaintiff's indications that the attorney was retained over one month ago. This Court's Orders put plaintiff on clear notice of the consequences of his failure to obtain counsel; indeed, the Court communicated this warning at the January 30, 2008 conference, where Mr. Thomas participated by telephone. Defendants have already been prejudiced by the delay that has resulted since plaintiff's prior counsel filed her motion to withdraw in July, 2007, and have been waiting for discovery that was Ordered by this Court over one year ago.

Furthermore, the Court has provided Mr. Thomas with two options: he can either retain counsel or continue to proceed in this action pro se. (See Order of November 20, 2007). Plaintiff's unwillingness to proceed pro se is based on his reluctance to make his whereabouts

known, but Mr. Thomas may not simultaneously seek to come to court to vindicate his rights and refuse to give defendants access to him. As defendants note, they are unable to correspond with plaintiff, notice his deposition, or take other actions to move forward in this case.

The Court has considered the applicable factors and concludes that dismissal for failure to prosecute seems appropriate. Accordingly, the Court respectfully recommends that the case be dismissed with prejudice.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within ten (10) days of receipt of this Report. Failure to file objections within the specified time waives the right to appeal the District Court's order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72; Small v. Secretary of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

The Clerk is directed to mail copies of this Report and Recommendation to the parties.

**SO ORDERED.**

Dated: Brooklyn, New York
       March 25, 2008

                                          Cheryl L. Pollak
                                          United States Magistrate Judge